**Janet M. HENRY, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,* Commissioner of Social Security of the United States, Defendant–Appellee.**

No. 05–15934.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2007 **.

Filed April 27, 2007.

Bess M. Brewer, Esq., Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

---

the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suit-

Theophous H. Reagans, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM ***

We affirm the district court's summary judgment.

Janet Henry was entitled to be advised of her right to counsel. She was so advised, both in writing and orally. And she specifically informed the ALJ, both in writing and orally, that she did not want counsel. Moreover, she received the diligent exploration of the relevant facts by the ALJ to which she is entitled under *Key v. Heckler*.[1]

As required by *Smolen v. Chater*,[2] the ALJ made "findings setting forth specific legitimate reasons ... based on substantial evidence in the record" for rejecting some of the conflicting medical opinions. Moreover, there was no need to address obesity separately and explicitly, because there is no evidence that Henry's obesity itself was disabling. The effect of her obesity on other ailments was taken into account by consideration of the other ailments. In short, as we read the ALJ's decision, it did consider the ailments in combination.

The ALJ was entitled to reject Henry's testimony about the severity of her condition (and similar statements made by her friends and family), and instead accept the conflicting evidence regarding her pain level provided by several of the physicians who examined her. He adequately made "specific findings stating clear and convincing reasons for doing so."[3]

Finally, the ALJ posed sufficient hypothetical questions to the vocational expert based on the postural and manipulative limitations supported by substantial evidence.[4] And the ALJ's findings regarding residual functional capacity were sup-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985) ("When a claimant appears at a hearing without counsel, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore all of the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.") (quotation omitted).

2. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.1996) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). *See also id.* ("The ALJ is responsible for ... resolving conflicts in medical testimony, and for resolv-

ing ambiguities. We must uphold the ALJ's decision where the evidence is susceptible to more than one interpretation.").

3. *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir.1996).

4. "[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." To the extent that ALJ later incorrectly characterized one finding of one doctor, the error was harmless in light of the hypothetical questions put to the vocational expert, and the expert's responses. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.2006) (citation omitted).

ported by substantial evidence.[5]

AFFIRMED.

---

**5.** Additionally, the ALJ did not err in accepting the vocational expert's description of the receptionists job. The vocational expert's description is not contradicted by the DOT, and the ALJ "may take administrative notice of any reliable job information, including ... the services of a vocational expert." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995).

